UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,
Plaintiff,

v.

JENNIFER YANG and DANIEL WU,
Defendants.

Case No. 16-CR-00334-LHK

**ORDER DENYING MOTION TO DISMISS THE INDICTMENT IN CASE NO. 16-CR-00335-LHK AND MOTIONS TO DISMISS COUNTS TWO, FIVE, AND SEVEN OF THE SUPERSEDING INDICTMENT IN CASE NO. 16-CR-00334-LHK**

Re: Dkt. Nos. 169, 172, 173

Defendant Daniel Wu ("Wu") and Defendant Jennifer Yang ("Yang") moved to dismiss Counts Two, Five, and Seven of the Superseding Indictment in Case No. 16-CR-00334-LHK. ECF Nos. 169 and 172. Wu also moved to dismiss all three counts of the Indictment in Case No. 16-CR-00335-LHK. ECF No. 173. Having considered the filings and oral arguments of the parties, the relevant law, and the record in this case, the Court DENIES Wu's and Yang's motions to dismiss.

## I. BACKGROUND

### A. Original Indictments

On July 28, 2016, in Case No. 16-CR-00335-LHK, a grand jury in the Northern District of California returned an indictment that charged Defendant Daniel Wu with three counts: (1) visa fraud, 18 U.S.C. § 1546, (2) mail fraud, 18 U.S.C. § 1341, and (3) aggravated identity theft, 18 U.S.C. § 1028A. *United States v. Wu*, Case No. 16-CR-00335-LHK, ECF No. 1 (N.D. Cal. July 28, 2016) (the "335 Indictment"). The 335 Indictment concerned an I-829 petition and supporting documents filed in August 2011 for Investor S.Y. *Id.* ¶¶ 1-3.

Also on July 28, 2016, a grand jury in the Northern District of California returned an indictment against Defendant Jennifer Yang in Case No. 16-CR-00334-LHK with the same three counts: (1) visa fraud, 18 U.S.C. § 1546, (2) mail fraud, 18 U.S.C. § 1341, and (3) aggravated identity theft, 18 U.S.C. § 1028A. *United States v. Yang*, Case No. 16-CR-00334-LHK, ECF No. 1 (N.D. Cal. July 28, 2016) (the "334 Indictment"). The 334 Indictment also related to the I-829 petition and supporting documents filed in August 2011 for Investor S.Y. *Id.* ¶¶ 1-3.

**B. Superseding Indictment**

On October 12, 2017, a grand jury in the Northern District of California returned a Superseding Indictment in Case No. 16-CR-00334-LHK (the "Superseding Indictment") that charges Wu and Yang with one count of conspiracy to commit visa fraud, mail fraud, aggravated identity theft, and to defraud the United States; three counts of visa fraud; two counts of mail fraud; and two counts of aggravated identity theft. ECF No. 4 ¶¶ 32-40. The Superseding Indictment also charges Yang with two counts of money laundering, 18 U.S.C. § 1957. *Id.* ¶¶ 41-42.

Specifically, the Superseding Indictment alleges the following against both Wu and Yang. Count One alleges a conspiracy to commit visa fraud, mail fraud, aggravated identity theft, and to defraud the United States. *Id*. ¶¶ 32-34.

Counts Two, Three, and Four allege visa fraud, 18 U.S.C. § 1546(a). *Id*. ¶¶ 35-36. Count Two pertains to an I-829 petition and supporting documents filed on August 15, 2011 for Investor S.Y. *Id.* ¶ 36. Counts Three and Four pertain to I-829 petitions and supporting documents filed

2

Case No. 16-CR-00334-LHK
ORDER DENYING MOTION TO DISMISS THE INDICTMENT IN CASE NO. 16-CR-00335-LHK AND MOTIONS TO DISMISS COUNTS TWO, FIVE, AND SEVEN OF THE SUPERSEDING INDICTMENT IN CASE NO. 16-CR-00334-LHK

United States District Court
Northern District of California

on March 11, 2013 for Investor W.Z. and on July 3, 2014 for Investor Y.Z., respectively. *Id.*

Counts Five and Six allege mail fraud, 18 U.S.C. § 1341. *Id.* ¶¶ 37-38. Count Five relates to an I-829 petition and supporting documents filed on August 11, 2011 for Investor S.Y., and Count Six relates to an I-526 petition and supporting documents filed on March 11, 2013 for Investor W.Z. *Id.* ¶ 38.

Counts Seven and Eight allege aggravated identity theft, 18 U.S.C. § 1028A. *Id.* ¶¶ 39-40. Count Seven concerns an I-829 petition and supporting documents filed on August 11, 2011 for Investor S.Y. *Id.* ¶ 40. Count Eight concerns an I-526 petition and supporting documents filed on March 11, 2013 for Investor W.Z. *Id.*

Counts Nine and Ten of the Superseding Indictment allege money laundering against Yang, 18 U.S.C.§ 1957. *Id.* ¶¶ 41-42.

The Superseding Indictment was unsealed on October 16, 2017. ECF No. 6. The 335 Indictment was unsealed on October 19, 2017.

**C. Motions to Dismiss**

On October 15, 2019, Wu moved to dismiss the 335 Indictment on the basis that the five-year statute of limitations expired. ECF No. 169.

On October 15, 2019, Wu also moved to dismiss Counts Two, Five, and Seven of the Superseding Indictment in Case No. 16-CR-00334-LHK ("Superseding Indictment") on the basis that the five-year statute of limitations for those counts had also expired. ECF No. 173. Counts Two, Five, and Seven of the Superseding Indictment in Case No. 16-CR-00334-LHK are the exact same charges as the counts in the 335 Indictment.

The Government opposed both motions, ECF Nos. 201 and 202, and filed a supporting declaration from Richard Lin, a Special Agent of the Diplomatic Security Service of the United States State Department. ECF No. 201-1 ("Lin Decl."). Wu filed replies for both motions. ECF Nos. 210 and 213.

On October 15, 2019, Yang moved to join Wu's motion to dismiss the Indictment in Case

3

Case No. 16-CR-00334-LHK
ORDER DENYING MOTION TO DISMISS THE INDICTMENT IN CASE NO. 16-CR-00335-LHK AND MOTIONS TO DISMISS COUNTS TWO, FIVE, AND SEVEN OF THE SUPERSEDING INDICTMENT IN CASE NO. 16-CR-00334-LHK

United States District Court
Northern District of California

No. 16-CR-00335-LHK. ECF No. 172. However, Yang is not a party to Case No. 16-CR-00335-LHK. The Court construes Yang's motion for joinder (ECF No. 172) as a motion to dismiss Counts Two, Five, and Seven of the Superseding Indictment in Case No. 16-CR-00334-LHK and to adopt the same arguments Wu proffered in the motion to dismiss the Indictment in Case No. 16-CR-00335-LHK. At the November 6, 2019 hearing on the motions to dismiss, Yang's counsel confirmed that the motion for joinder should be construed as a motion to dismiss Counts Two, Five, and Seven of the Superseding Indictment.

On November 1, 2019, the Court ordered the Government to file additional declaration(s) regarding the Government's objectives in sealing the 334 Indictment, 335 Indictment, and Superseding Indictment (collectively, the "Indictments") from July 28, 2016 to October 16, 2017. ECF No. 220.

On November 5, 2019, Special Agent Lin filed an additional declaration. ECF No. 226 ("Supplemental Lin Decl."). On November 6, 2019, the Court held a hearing on the motions to dismiss.

## II. DISCUSSION

Wu moves to dismiss the Indictment in Case No. 16-CR-00335-LHK (the "335 Indictment") on the basis that all three counts are time-barred. ECF No. 169. Wu also moves to dismiss Counts Two, Five, and Seven of the Superseding Indictment in Case No. 16-CR-00334-LHK (the "Superseding Indictment") on the same basis. ECF No. 173. Yang also moves to dismiss Counts Two, Five, and Seven of the Superseding Indictment. ECF No. 172.

### A. Legal Standard for Statute of Limitations for Sealed Indictments

"Generally speaking, the return of an indictment tolls the statute of limitations with respect to the charges contained in the indictment." *United States v. Pacheco*, 912 F.2d 297, 305 (9th Cir. 1990). "[T]his rule also applies to sealed indictments, as long as the indictments were properly sealed for legitimate prosecutorial objectives. In such cases, the indictment is deemed found for the purposes of the statute of limitations when it is returned, rather than when it is unsealed."

*United States v. Bracy*, 67 F.3d 1421, 1426 (9th Cir. 1995). However, "[a]n improperly sealed indictment is deemed found on the date of unsealing, and if the date of unsealing is outside the limitations period, a violation of the statute of limitations will result." *United States v. Benavides*, 2009 WL 10679152, at *3 (D. Mont. Dec. 15, 2009). The parties agree that the statute of limitations as to all relevant counts is five years. 18 U.S.C. § 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.").

### B. Counts Two, Five, and Seven of the Superseding Indictment are Timely as to Wu and Yang

Wu first contends that Counts Two, Five, and Seven of the Superseding Indictment in Case No. 16-CR-00334-LHK (the "Superseding Indictment") must be dismissed as time barred. Specifically, Wu argues that because the Indictment in Case No. 16-CR-00334-LHK (the "334 Indictment") charged only Yang and not Wu, the 334 Indictment cannot toll the statute of limitations as to Wu. However, as the Court explains further below, this argument fails because Counts Two, Five, and Seven of the Superseding Indictment are the same three counts in the original July 28, 2016 indictment in Case No. 16-CR-00335 (the "335 Indictment").

Additionally, Wu and Yang contend that Counts Two, Five, and Seven of the Superseding Indictment must be dismissed in any event because the 334 Indictment, the 335 Indictment, and the Superseding Indictment (collectively, the "Indictments") were not properly sealed. As a result, Wu and Yang contend that the "found" date for statute of limitations purposes should be the October 16, 2017 unsealing date of the Superseding Indictment. Because Counts Two, Five, and Seven of the Superseding Indictment allege conduct from August 2011 and the October 16, 2017 date the Superseding Indictment was unsealed lies outside the five-year statute of limitations period, Wu and Yang contend that these counts are time barred and must be dismissed. The Court disagrees.

The Court first addresses Wu's argument that there is no original indictment that timely charges him with the August 2011 conduct in Counts Two, Five, and Seven of the Superseding Indictment. The Court then turns to Wu's and Yang's argument that even if there is a timely original indictment, Counts Two, Five, and Seven of the Superseding Indictment are still time-barred because legitimate prosecutorial objectives did not justify sealing from the July 28, 2016 original indictments to the October 16, 2017 unsealing of the Superseding Indictment.

**1. The 335 Indictment Timely Charges Wu With the August 2011 Conduct Alleged in Counts Two, Five, and Seven of the Superseding Indictment**

The 334 Indictment was returned on July 28, 2016 and timely charged Yang with visa fraud, mail fraud, and aggravated identity theft for events occurring in August 2011 relating to an I-829 petition and supporting documents filed for Investor S.Y. ECF No. 1 (the "334 Indictment"). The 334 Indictment did not charge Wu with any counts. *Id.*

The Superseding Indictment was returned on October 12, 2017 and unsealed on October 16, 2017. Counts Two, Five, and Seven of the Superseding Indictment charge both Yang and Wu. Counts Two, Five, and Seven reallege the same conduct as the three counts in the 334 Indictment.[1] However, while the 334 Indictment charged Yang within the five-year statute of limitations, Wu—as noted above—was not charged in the 334 Indictment. ECF No. 1. Accordingly, Wu contends that there is no timely original indictment in Case No. 16-CR-00334-LHK that pertains to him. Because the Superseding Indictment—which charges him in Counts Two, Five, and Seven for conduct occurring in August 2011—was not filed until October 12, 2017 and not unsealed until October 16, 2017, Wu contends that Counts Two, Five, and Seven are time-barred.

Wu's argument is without merit. On July 28, 2016, a grand jury in the Northern District of California returned an indictment in Case No. 16-CR-00335-LHK (the "335 Indictment") that

[1] Thus, because the 334 Indictment charged Yang within five years of the August 2011 conduct charged in Counts Two, Five, and Seven, the only issue to decide in Yang's motion to dismiss is whether legitimate prosecutorial objectives justified sealing her original indictment and the Superseding Indictment.

charged Wu with visa fraud, mail fraud, and aggravated identity theft for events occurring in August 2011 relating to an I-829 petition and supporting documents filed for Investor S.Y. *United States v. Wu*, Case No. 16-CR-00335-LHK, ECF No. 1 ¶¶ 1-3 (N.D. Cal. July 28, 2016). The three counts in the 335 Indictment are the exact same charges as Counts Two, Five, and Seven of the Superseding Indictment. SI ¶¶ 36, 38, and 40. Thus, the Government did comply with the statute of limitations and charged Wu within the statute of limitations for his conduct occurring in August 2011. Additionally, the Superseding Indictment in Case No. 16-CR-00334-LHK supersedes the 335 Indictment, and therefore is the operative indictment as to Wu.

Wu's argument appears to be that because the Superseding Indictment was not filed in Case No. 16-CR-00335-LHK, the 335 Indictment cannot toll the statute of limitations for the Superseding Indictment as to Wu. But as the Ninth Circuit explained in similar circumstances concerning the Speedy Trial Act, adopting Wu's argument "would be to elevate form over substance." *United States v. Alvarez-Perez*, 629 F.3d 1053, 1057 (9th Cir. 2010). Here, the counts in the 335 Indictment are the exact same charges as Counts Two, Five, and Seven of the Superseding Indictment: visa fraud, mail fraud, and aggravated identity theft for August 2011 conduct relating to an I-829 petition and supporting documents filed for Investor S.Y. The Government "does not contend that [Wu] [committed separate illegal acts] that were separately charged." *Id.* As such, the Court, finds no significance in the fact that the 334 Indictment and the Superseding Indictment were filed with different case numbers. *See id.* ("Nor do we see any reason to assign any significance to the fact that the earlier information and the subsequent indictment were assigned different case numbers.")

Therefore, because the 335 Indictment was filed within five years of the August 2011 conduct alleged therein, the 335 Indictment serves as a timely original indictment for Counts Two, Five, and Seven of the Superseding Indictment. So long as the Superseding Indictment was properly sealed, Counts Two, Five, and Seven may be deemed "found" on July 28, 2016, the date the 335 Indictment was returned. *Bracy*, 67 F.3d at 1426 ("In [cases involving sealed

indictments], the indictment is deemed found for the purposes of the statute of limitations when it is returned, rather than when it is unsealed."). Therefore, the Court DENIES Wu's motion to dismiss the 335 Indictment.

Accordingly, the central issue that remains is whether legitimate prosecutorial objectives justified the sealing from the July 28, 2016 date the 334 and 335 Indictments were returned to the October 16, 2017 date the Superseding Indictment was unsealed. If the sealing was justified for the entirety of the period from July 28, 2016 to October 16, 2017, then Counts Two, Five, and Seven of the Superseding Indictment are timely because the 334 Indictment and 335 Indictment were returned on July 28, 2016, within the five-year statute of limitations period. The Court now turns to the issue of whether legitimate prosecutorial objectives justified sealing the Indictments.

**2. Legitimate Prosecutorial Objectives Justified Sealing the Indictments**

"[W]hether a sealed indictment tolls the limitations period is determined by a consideration of the record after a defendant challenges the sealing, which is necessarily after the seal is lifted." *United States v. Gross*, 370 F. Supp. 3d 1139, 1144 (C.D. Cal. 2019). Rule 6(e)(4) of the Federal Rules of Criminal Procedure "does not require that the Magistrate Judge develop a contemporaneous record justifying the sealing," *id.*, as there is "no need for the United States Attorney to do more in the first instance than to make a request that the indictment be sealed," *United States v. Lakin*, 875 F.2d 168, 172 (8th Cir. 1989). Rather, "[a] defendant's right to challenge the propriety of sealing is fully protected by affording him the right to a hearing after the indictment is opened to public inspection. At that time, the government, if challenged, must demonstrate legitimate prosecutorial purposes for the secrecy of the indictment." *United States v. Srulowitz*, 819 F.2d 37, 41 (2d Cir. 1987).

Furthermore, even if an indictment is initially sealed for a legitimate prosecutorial purpose, the Government must take steps to unseal the indictment once those legitimate prosecutorial objectives have been satisfied. *United States v. Rogers*, 389 F. Supp. 3d 774, 783 (C.D. Cal. 2019) ("Once there is no longer a legitimate prosecutorial objective that is served by maintaining

an indictment under seal, the Government must take steps to have it unsealed."); *Benavides*, 2009 WL 10679152, at *10 ("The government's authorization to keep an indictment sealed expires as soon as its legitimate need for delay has been satisfied." (quotation marks omitted)).

Here, if the Indictments were sealed and maintained under seal for legitimate prosecutorial objectives and the Government did not unreasonably delay in unsealing the Indictments, then the statute of limitations does not bar Counts Two, Five, and Seven of the Superseding Indictment. In this case, the Magistrate Judge sealed the Indictments without the development of the record at the time of sealing. "Accordingly, the Court focuses on the current record to determine whether maintaining the Indictment under seal served legitimate prosecutorial objectives." *Gross*, 370 F. Supp. 3d at 1145.

"[T]he government, if challenged, must demonstrate legitimate prosecutorial purposes for the secrecy of the indictment." *Srulowitz*, 819 F.2d at 41; *Gross*, 370 F. Supp. 3d at 780 ("[T]he Government bears the burden of establishing its sealing serves legitimate prosecutorial objectives."). The Government argues that it possessed legitimate prosecutorial objectives for sealing the Indictments from the July 28, 2016 date the 334 Indictment and 335 Indictment were returned to the October 16, 2017 date the Superseding Indictment was unsealed. First, the Government states that for an ongoing criminal investigation into visa fraud offenses like the ones at issue here, "it is necessary to look into whether the beneficiaries of fraudulent visa applications were cooperating with the individuals submitting the false documents on their behalf." ECF No. 201 at 3. Second, the Government asserts that "[r]evealing the existence of the initial Indictments at that time would have increased the risk of Defendants fleeing to avoid prosecution." *Id.* at 4.

In response, Wu and Yang contend that an "ongoing investigation" does not qualify as a legitimate prosecutorial objective. ECF No. 169 at 4. Wu and Yang also argue that because Wu was allowed to self-surrender when the government ultimately informed him that he was indicted, the "issue of flight risk is simply a red herring." ECF No. 210 at 5. The Court addresses each argument in turn.

**a. Ongoing Investigation**

Numerous courts have held that "the government's decision to seal an indictment in order to gather further evidence against a defendant has been held to constitute a legitimate prosecutorial objective under Rule 6(e)." *United States v. Balsam*, 203 F.3d 72, 81 n.9 (1st Cir. 2000); *United States v. Wright*, 343 F.3d 849, 858 (6th Cir. 2003) ("The protection of [a confidential witness] and the need to avoid compromising an ongoing investigation falls within the range of permissible reasons for sealing an indictment."); *United States v. Cherico*, 769 F. Supp. 2d 560, 568 (S.D.N.Y. 2011) ("[T]he protection of an ongoing criminal investigation involving [a] confidential source falls within the range of 'legitimate prosecutorial objectives' that will justify the sealing of an indictment."); *Bracy*, 67 F.3d at 1426-27 (holding that the district court did not abuse its discretion when concluding that, *inter alia*, "the ongoing nature of [the Government's] investigation" tolled the statute of limitations for charges in a sealed indictment). Recently, a district court in the Ninth Circuit held that "[i]n the Ninth Circuit, . . . the investigation of related charges constitutes a legitimate prosecutorial objective justifying the sealing of an indictment." *United States v. Rogers*, 389 F. Supp. 3d 774, 781 (C.D. Cal. 2019).

Wu and Yang dispute this conclusion and argue that "the government may not use an ongoing investigation of related charges to justify sealing." ECF No. 169 at 4 (quotation marks and internal alterations omitted). According to Wu and Yang, "were the law otherwise, the statute of limitations would be rendered a dead letter" because "the Government could extend it, essentially unilaterally, merely because it wanted more time to investigate a potential related charge." *Id.* (quoting *United States v. Gigante*, 436 F. Supp. 2d 647, 658 (S.D.N.Y. 2006)). Wu and Yang principally rely on two cases for this proposition: *United States v. Gigante*, 436 F. Supp. 2d 647 (S.D.N.Y. 2006), and *United States v. Benavides*, 2009 WL 10679152 (D. Mont. Dec. 15, 2009).

In *Gigante*, the district court rejected arguments for sealing because the Government had not proved the need for secrecy or an ongoing investigation. 436 F. Supp. 2d at 657. Indeed, the

*Gigante* court explicitly recognized that its conclusion that legitimate prosecutorial objectives did not justify the sealing was based on the fact that "secrecy [was] not an issue" for that case. *Id.* at 659. The court concluded that "the Government's assertion that it needed to maintain secrecy rings hollow [because] . . . there was nothing 'secret' about the investigation" because the defendant "was well aware for nearly the entire duration of the five-year investigation that he was being investigated, and his counsel was in frequent contact with the Government about the investigation." *Id.* at 657.

In *Benavides*, the district court also rejected the government's argument that sealing was justified in a case involving narcotics because the government did not "show[] that secrecy was necessary to prevent potential co-defendants from fleeing or to protect prisoner witnesses." 2009 WL 10679152, at *6. The court was also unconvinced of the government's argument that further investigation was necessary because "the government had already interviewed or prosecuted the significant witnesses in its drug case and had the evidence needed to proceed on the drug charges when the Indictment was returned." *Id*. The court concluded that the only remaining argument was that the government "needed more time to investigate [related] murders." *Id.* Indeed, the government testified that it "was prepared to prosecute the drug case at the time the original Indictment was returned" and the court noted that the government's real reasons for sealing were simply "to structure the case to serve its own convenience." *Id.* Based on this, the *Benavides* court acknowledged that "in some instances it is proper to seal an indictment for the purpose of allowing the government time to continue to investigate the charged offense" but that "[t]his [was] not a case where the indictment was sealed to allow the government more time to investigate the *charged* offense." *Id.* at *8.

*Gigante* and *Benavides* are inapposite, as the need for secrecy to protect an ongoing investigation was present in the instant case for the entire duration of the period from the July 28, 2016 date the 334 Indictment and 335 Indictment were returned to the October 16, 2017 date the Superseding Indictment was unsealed. The Government proffered two declarations from Richard

United States District Court
Northern District of California

Lin, a Special Agent of the Diplomatic Security Service of the United States State Department and a member of the investigative team, who explained that "investigators were still gathering evidence as to whether other individuals associated with the relevant events were complicit in Defendants' fraud." Lin Decl. ¶ 8; Supplemental Lin Decl. ¶ 2. Special Agent Lin noted that this additional investigation was routine "in visa fraud cases, [where] agents regularly investigate whether the beneficiaries of fraudulent visa applications were cooperating with the individuals submitting the false documents to the government." Lin Decl. ¶ 8.

Specifically, Special Agent Lin clarified that "it is common to see payments from the primary fraudsters back to the beneficiaries compensating them for their role in the fraudulent scheme," and that the investigation into kickback payments "required a complete tracing of the investments themselves as well as a thorough review of the funds Defendants controlled." Supplemental Lin Decl. ¶¶ 3-4. After the original indictments were returned on July 28, 2016 through September 2017, this comprehensive tracing required 25 additional subpoenas, some of which addressed multiple accounts per subpoena, to financial institutions, including subpoenas served on November 4, 2016; February 2, 2017; February 3, 2017; June 9, 2017; and August 28, 2017. Supplemental Lin. Decl. ¶ 5.

The Government also conducted a review of over 100 financial accounts, and in "September 2017, the grand jury sent out its last subpoenas for financial records necessary to complete the financial analysis." *Id.* ¶ 7. The Government only completed the financial investigation in September or October 2017 and determined that investors were not complicit in the alleged scheme. *Id.* ¶ 9.

Furthermore, Special Agent Lin noted that because Yang is an attorney, "a taint team was used in order to avoid improperly accessing any attorney-client privileged materials" "seized pursuant to [the] search warrant." *Id.* ¶ 10. The taint team had to review "approximately 45 electronic storage devices including computers, mobile phones, and storage media like flash drives and CDs," which "contained approximately 7.5 terabytes of data." *Id.* That thorough review

12

Case No. 16-CR-00334-LHK
ORDER DENYING MOTION TO DISMISS THE INDICTMENT IN CASE NO. 16-CR-00335-LHK AND MOTIONS TO DISMISS COUNTS TWO, FIVE, AND SEVEN OF THE SUPERSEDING INDICTMENT IN CASE NO. 16-CR-00334-LHK

concluded around August or September 2017. *Id.*

Therefore, the Government diligently investigated the alleged scheme over the time period of sealing. As a result, the ongoing investigation persisted throughout the period from the July 28, 2016 date the 334 Indictment and 335 Indictment were returned to the October 16, 2017 date the Superseding Indictment was unsealed, and thus, justified the sealing over that period.

Thus, unlike *Gigante* and *Benavides*, the Government has proffered evidence that the investigation still required secrecy in order to ascertain the culpability of investors and whether they were co-conspirators or victims.[2] Unlike *Gigante*, the Wu and Yang were not "well aware for nearly the entire duration of the . . . investigation that [they] [were] being investigated," nor is there evidence that Wu and Yang—or their counsel—were "in frequent contact with the Government about the investigation." 436 F. Supp. 2d at 657. While it is true that the Government interviewed Wu such that the investigation was not entirely covert, *see* ECF No. 169 at 8, Special Agent Lin explained that in another visa fraud investigation, after the government executed search warrants on a defendant, that defendant fled the United States but returned because the criminal complaint against him had been kept under seal. Supplemental Lin Decl. ¶ 12. The defendant returned because he mistakenly believed that if no charges were filed within a certain time, he could not be prosecuted. *Id.* Thus, a single interview did not necessarily put on Wu on notice that he was still being investigated. Moreover, "the Government . . . can choose to . . . make some general representations regarding an ongoing investigation, or even to release some specific details thereof, without incurring the duty to make all the details public." *Rogers*, 389 F. Supp. 3d at 783 (quoting *Gross*, 370 F. Supp. 3d at 1145). Here, the Government

[2] At the hearing on November 6, 2019, defense counsel asserted that the Government had in fact interacted with at least one foreign investor and that therefore, the Government's argument that sealing was necessary to protect an ongoing investigation was meritless. Special Agent Lin, however, explained that "the investigative team generally did not contact the foreign investors" but made an exception for "one investor who was interviewed in May 2016." Lin Decl. ¶ 8. The Government made this exception because this investor had filed a civil lawsuit against Yang, demonstrating that he was likely not a co-conspirator and would not jeopardize the investigation. *Id.*

13

Case No. 16-CR-00334-LHK
ORDER DENYING MOTION TO DISMISS THE INDICTMENT IN CASE NO. 16-CR-00335-LHK AND MOTIONS TO DISMISS COUNTS TWO, FIVE, AND SEVEN OF THE SUPERSEDING INDICTMENT IN CASE NO. 16-CR-00334-LHK

United States District Court
Northern District of California

sufficiently explained that secrecy was necessary in order to investigate whether any of the investors involved were potential co-conspirators.

Similarly, the reasoning of *Benavides* does not apply here because it is simply not the case that "the government had already interviewed or prosecuted the significant witnesses in the case" or that the investigation was already completed at the time of sealing. *Benavides*, 2009 WL 10679152, at *6. The investigation into the involvement of potential co-conspirators required complex financial tracing, the issuance of numerous subpoenas to many different organizations, and an intricate taint review of documents seized from an attorney. This investigation only concluded in September or October 2017, and therefore justified sealing the Indictments from the July 28, 2016 date the 334 Indictment and 335 Indictment were returned to the October 16, 2017 date the Superseding Indictment was unsealed.

Additionally, unlike *Benavides*, the Court is convinced that further investigation of Wu and Yang's alleged scheme was necessary to determine whether other co-conspirators were involved. Here, the Government noted that additional investigation into the overarching scheme, and especially the involvement of potential co-conspirators, was required. *Contra Benavides*, 2009 WL 10679152, at *7-8 (noting that the government testified that it "was prepared to prosecute the drug case at the time the original Indictment was returned" and that the government's real reasons for sealing were simply "to structure the case to serve its own convenience"). *Benavides* itself acknowledges that "in some instances it is proper to seal an indictment for the purpose of allowing the government time to continue to investigate the charged offense." *Id.* at *8. The Court holds that this is such an instance.

Therefore, the Court concludes that in this case, the need for secrecy to complete an ongoing investigation constitutes a legitimate prosecutorial objective that justified the sealing of the Indictments. *Balsam*, 203 F.3d at 81 n.9; *Rogers*, 389 F. Supp. 3d at 781. The Court now turns to the argument that the potential for flight also justified sealing the Indictments.

**b. Flight Risk**

United States District Court
Northern District of California

The Government claims that Wu and Yang posed flight risks thereby justifying the sealing of the Indictments from July 28, 2016 to October 16, 2017. The Court agrees that the possibility of flight risk was a legitimate prosecutorial objective justifying the sealing of the Indictments for the entirety of that period.

Wu and Yang contend that because the Government knew where they were located and because Wu and Yang knew they were under investigation and Wu was allowed to self-surrender when the government ultimately informed him that he was indicted, the "issue of flight risk is simply a red herring." ECF No. 210 at 5; *but see United States v. Kachkar*, 701 Fed. App'x 744, 747 (11th Cir. 2017) (upholding district court decision to reject defendant's argument that "failure to flee while under investigation meant that [defendant] would not flee after having been indicted").

In a similar case from the District of Massachusetts, a defendant "suggest[ed] that sealing the indictment could not have affected the risk of flight because the [d]efendants knew they were targets of a grand jury investigation at the time of the sealing request and the Government was well aware of the [d]efendants' whereabouts in Massachusetts." *United States v. Upton*, 339 F. Supp. 2d 190, 194 (D. Mass. 2004). The *Upton* court found otherwise, on the basis of facts specific to that case. Namely, the court held that one defendant's attempts to sell real estate and prior probation violations and charges for being a fugitive from justice and failure to appear in court "suggested the possibility of flight" for all the defendants. *Id.* ("Even if the Defendants were aware of the grand jury investigation, the Government's suggestion that sealing the indictment would lessen the risk of flight under these circumstances was not unreasonable.").

Analogous facts are present here. Special Agent Lin noted that Yang "frequently traveled abroad and had contacts in China, where she claimed to have access to influential people and resources." Lin Decl. ¶ 10. Like the defendants in *Upton*, Wu and Yang understood that they were the subject of an investigation. *Id.* Nonetheless, investigators believed that because Wu spoke with the investigators, Wu and Yang may have thought that they "could avoid criminal

15

Case No. 16-CR-00334-LHK
ORDER DENYING MOTION TO DISMISS THE INDICTMENT IN CASE NO. 16-CR-00335-LHK AND MOTIONS TO DISMISS COUNTS TWO, FIVE, AND SEVEN OF THE SUPERSEDING INDICTMENT IN CASE NO. 16-CR-00334-LHK

charges." *Id.* Investigators did not want Wu and Yang to think otherwise, and therefore did not inform Wu and Yang of the charges, lest they become flight risks. *Id.*; *Upton*, 339 F. Supp. 2d at 194 ("Even if the Defendants were aware of the grand jury investigation, the Government's suggestion that sealing the indictment would lessen the risk of flight under these circumstances was not unreasonable.").

Special Agent Lin explained that the belief that Wu and Yang posed flight risks was reinforced by experience. First, in a recent visa fraud investigation a few years before, "two targets had fled the country to avoid prosecution." Lin Decl. ¶ 10. Second, in another visa fraud investigation, a target fled the country to avoid prosecution after the government executed search warrants. Supplemental Lin Decl. ¶ 12. The Government charged the defendant by complaint, but kept the complaint under seal. *Id.* The target returned to the United States, however, because he had mistakenly believed that if no charges were filed within a certain time, he could not be prosecuted. *Id.* This experience confirmed Special Agent Lin's "understanding that a target's knowledge of criminal charges creates a higher risk of flight than mere knowledge of an investigation." *Id.* Accordingly, these facts taken together "suggested the possibility of flight" and justified the sealing of the Indictments. *Upton*, 339 F. Supp. 2d at 194; *see also id*. ("Even if the Defendants were aware of the grand jury investigation, the Government's suggestion that sealing the indictment would lessen the risk of flight under these circumstances was not unreasonable.").

*Gigante* does not alter this conclusion. In *Gigante*, the court held that flight concerns did not justify sealing the indictment because the defendant "repeatedly volunteered to meet with the Government prior to being indicted, he asked that he be allowed to surrender if he were indicted rather than being arrested on the street or in front of his children, and he notified the FBI when he traveled outside of the jurisdiction even before he was aware that he had been indicted." *Gigante*, 436 F. Supp. 2d at 657. No such analogous facts are present here. Indeed, unlike *Gigante*, Yang "frequently traveled abroad and had contacts in China, where she claimed to have access to

16

Case No. 16-CR-00334-LHK
ORDER DENYING MOTION TO DISMISS THE INDICTMENT IN CASE NO. 16-CR-00335-LHK AND MOTIONS TO DISMISS COUNTS TWO, FIVE, AND SEVEN OF THE SUPERSEDING INDICTMENT IN CASE NO. 16-CR-00334-LHK

United States District Court
Northern District of California

influential people and resources." Lin Decl. ¶ 10.

Accordingly, the Government has met its burden of establishing that the need for secrecy to protect an ongoing investigation and to prevent possible flight risk justified sealing the Indictments from the July 28, 2016 date the 334 Indictment and 335 Indictment were returned to the October 16, 2017 date the Superseding Indictment was unsealed. Therefore, the Court DENIES Wu's and Yang's motion to dismiss Counts Two, Five, and Seven of the Superseding Indictment.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Wu's motion to dismiss the 335 Indictment. The Court also DENIES Wu's and Yang's motions to dismiss Counts Two, Five, and Seven of the Superseding Indictment.

**IT IS SO ORDERED.**

Dated: November 7, 2019

LUCY H. KOH
United States District Judge